UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOHNNIE O'NEAL,

                              Plaintiff,

              -against-

CITY OF NEW YORK and JOSE MORALES, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

---------------------------------------------------------------X



14 CV 7649

**COMPLAINT**

Docket No.:

Jury Trial Demanded

RECEIVED
SEP 19 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff JOHNNIE O'NEAL, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as such rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b) in that this is the District in which the claims arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JOHNNIE O'NEAL is a fifty-four year old American man who presently resides in the County of Suffolk in the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. At all relevant times, defendant CITY OF NEW YORK ("the CITY") maintained the New York City Housing Authority Police Department ("NYCHAPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department. The NYCHAPD merged with the New York City Police Department ("NYPD") in 1995.

9. At all relevant times herein, defendants JOSE MORALES and JOHN and JANE DOE 1 through 10, were duly sworn police officers, detectives and supervisors of the NYCHAPD and were acting under the supervision of the NYCHAPD and according to their official rules. The defendants are being sued in their individual capacities.

10. The New York County District Attorney's Office ("NYCDA") was, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New

York to investigate and prosecute criminal conduct in the CITY OF NEW YORK, County of New York.

11. The NYCDA employed assistant district attorneys, who were employees of the CITY OF NEW YORK, to investigate and prosecute crimes in the CITY OF NEW YORK, County of New York.

12. Each and every act of the defendants and the assistant district attorneys alleged herein was done while acting within the scope of their employment by the CITY OF NEW YORK, as agents, servants, employees and officers of the NYCHAPD and/or the NYCDA.

## FACTS

13. On January 29, 1985, plaintiff JOHNNIE O'NEAL was wrongfully convicted, after a jury trial in New York County Supreme Court under Indictment no. 2222/84, of Rape in the First Degree and Robbery in the First Degree.

14. The conviction arose from a crime that plaintiff did not commit, which occurred on March 16, 1984, inside 865 Columbus Avenue, New York, New York, plaintiff's lifelong residence except during a few months in the early 1980's.

15. Plaintiff was sentenced as a predicate felon to an indeterminate prison term of ten to twenty years, and served approximately thirteen years and nine months before being paroled in 1998.

16. Plaintiff was thereafter under parole supervision for an additional six years during which time plaintiff was imprisoned for minor parole violations for more than two years.

17. In 2008, The Legal Aid Society ("LAS") commenced an investigation into the viability of a motion to vacate plaintiff's criminal convictions pursuant to Criminal Procedure Law Section 440.10(1)(g).

18. The LAS investigation revealed that the victim and the mother of the victim of the crime for which plaintiff was wrongfully convicted had lied about critical aspects of the circumstances surrounding the purported identification of plaintiff as the perpetrator of the crime.

19. In October of 2010, at the urging of the LAS, plaintiff wrote to the newly formed Conviction Integrity Panel ("CIP") of the NYCDA and requested that his case be reinvestigated.

20. The NYCDA agreed to reinvestigate plaintiff's case and conducted, in its own words, an "extensive" reinvestigation that included interviewing a number of witnesses and examining documents and records pertinent to plaintiff's conviction.

21. The NYCDA reinvestigation confirmed that the lead police officer assigned to investigate the case, defendant JOSE MORALES, a detective of the NYCHAPD, had lied while testifying during plaintiff's criminal trial, and in doing so, bolstered the false testimony of the victim and her mother concerning the purported identification of plaintiff as the victim's assailant.

22. Defendant MORALES'S false trial testimony bolstered the victim's false trial testimony that, days after her attack, she saw her assailant, whom she claimed that she did not know, from her 10th story window, and pointed him out to her mother.

23. Defendant MORALES'S false trial testimony bolstered the victim's mother's false trial testimony that after the victim identified her assailant from the 10th story window, the mother ran down the stairs, followed that individual for more than six hours, and learned that he lived in the same building as her and her daughter and that his name was John O'Neal.

24. Defendant MORALES falsely informed the NYCDA and falsely testified at plaintiff's trial that he personally verified that facial features were discernable from that 10th

4

story window, thus falsely bolstering the purported identification of plaintiff as the perpetrator of the crime.

25. As confirmed by the NYCDA reinvestigation, facial features are not discernable from the victim's 10th story window, and thus revealed that defendant MORALES had lied to the NYCDA and while testifying during plaintiff's criminal trial.

26. The rape victim had also falsely informed defendant MORALES and falsely testified that plaintiff was a stranger to her as she had only moved into her building a few months prior to the attack.

27. As confirmed by the NYCDA reinvestigation, the victim had known the plaintiff prior to the attack, and housing records confirmed that the victim and the plaintiff had lived in the same building for over six years prior to the attack.

28. Defendant MORALES knew or should have known that the victim had lied concerning these crucial facts regarding the victim's dubious identification of plaintiff.

29. The LAS and CIP investigation and reinvestigation also revealed that exculpatory evidence was withheld from plaintiff during the course of his criminal trial.

30. During plaintiff's arraignment on the rape and robbery charges, the NYCDA informed the court that the crimes that plaintiff was being arraigned on fit a pattern of unsolved rapes that had all occurred under similar circumstances and, further, that plaintiff was a suspect in those other unsolved crimes.

31. Those pattern rapes all involved similar language used by the assailant, who was dressed in particular clothing during the commission of the crimes. Two of the pattern rapes occurred in 865 Columbus Avenue, plaintiff's lifelong residence, which is the same location

where plaintiff was accused of committing the crimes for which he was wrongfully prosecuted and convicted.

32. Thereafter, and prior to the commencement of his criminal trial, plaintiff's photograph was placed in a photo array and displayed to one of the victims of the pattern rapes.

33. Upon seeing plaintiff's photo, that victim stated that she knew the plaintiff by name as someone who lived in her building, and unequivocally stated that plaintiff was not the person who had raped her.

34. Plaintiff was also placed in a lineup for one of the other pattern rapes and that victim did not identify plaintiff as her attacker.

35. After the exculpatory and negative identifications, plaintiff's bail was reduced; however, the NYCDA never provided plaintiff with the aforementioned exculpatory evidence, to wit, the statement of the rape victim who unequivocally stated that plaintiff was not her rapist, thus exculpating plaintiff as the perpetrator of the other pattern rapes, including the rape that resulted in plaintiff's wrongful conviction.

36. On May 28, 2013, plaintiff, through his attorneys, moved pursuant to Criminal Procedure Law § 440.10(1)(g) for an Order vacating the judgment and dismissing the indictment associated with his convictions. On that same date, the NYCDA filed an Affirmation in Response to plaintiff's motion, wherein they joined in the application to vacate the judgment and dismiss the indictment.

37. On June 21, 2013, the Honorable Marcy L. Kahn, J.S.C., issued an Order that vacated plaintiff's rape and robbery convictions pursuant to Criminal Procedure Law Section 440.10(1)(g) and dismissed the underlying indictment with prejudice.

38. The above-described misconduct occurred as a direct result of unconstitutional policies, customs or practices adopted, promulgated, and/or enforced by the CITY OF NEW YORK through the NYCHAPD, the NYPD, and the NYCDA, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of their employees.

39. The above-described misconduct is neither isolated nor unique. The CITY OF NEW YORK is aware -- through prior lawsuits, notices of claim, and complaints filed with the NYPD's Internal Affairs Bureau -- that many NYCHAPD officers, NYPD officers, and assistant district attorneys, including defendant JOSE MORALES, and the assistant district attorneys who were involved in the prosecution of plaintiff, are insufficiently trained, and supervised with regard to the creation of false evidence, falsification of sworn testimony, and the disclosure of exculpatory evidence.

40. The CITY OF NEW YORK is also aware that such improper training and supervision has often resulted in deprivation of civil rights. Despite such notice, the CITY has failed to take corrective action. This failure resulted in the violation of plaintiff's civil rights.

41. The CITY OF NEW YORK was further aware, prior to plaintiff's arrest and prosecution, that defendant JOSE MORALES and the assistant district attorneys involved in plaintiff's prosecution, lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers and prosecuting attorneys. Nonetheless, the CITY had retained the officers and prosecuting attorneys and failed to train and supervise them adequately.

42. The NYCDA itself also had in effect both before and after the time of the events alleged in this complaint, several interrelated *de facto* policies, practices, and customs, including *inter alia*,

(a) a policy, practice, and custom of suppressing, destroying, or otherwise secreting exculpatory or exonerating evidence from criminal defendants; and

(b) a policy, practice and custom of failing to properly train or supervise assistant district attorneys, or to properly discipline assistant district attorneys who violate the Constitution or law, or otherwise transgress the rights of criminal suspects during their investigations and prosecutions.

43. The CITY OF NEW YORK is also aware that such improper training and supervision has often resulted in deprivation of civil rights. Despite such notice, the CITY has failed to take corrective action. This failure resulted in the violation of plaintiff's civil rights.

44. As a proximate result of the above-described misconduct, plaintiff sustained, *inter alia*, the following injuries and damages: his malicious prosecution and wrongful conviction for Rape and Robbery in the First Degree; his unjust sentence to ten to twenty years to run currently; his incarceration for nearly sixteen years; his registration as the highest sexual offender in the State of New York; significant restrictions on all forms of his personal freedom during that period; physical injury, pain, and suffering; severe emotional distress, embarrassment, and humiliation; loss of family relationships; and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendant MORALES and JOHN and JANE DOE 1 through 10 initiated, commenced and continued a malicious prosecution against plaintiff JOHNNIE O'NEAL.

47. Defendants were directly and actively involved in the initiation of criminal

8

proceedings against plaintiff JOHNNIE O'NEAL.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff JOHNNIE O'NEAL.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff JOHNNIE O'NEAL.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JOHNNIE O'NEAL.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff JOHNNIE O'NEAL.

52. Defendants acted with malice in continuing criminal proceedings against plaintiff JOHNNIE O'NEAL.

53. The prosecution terminated in plaintiff JOHNNIE O'NEAL's favor.

54. As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individually named defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants created false evidence against plaintiff JOHNNIE O'NEAL.

57. Defendants used false evidence against plaintiff JOHNNIE O'NEAL in legal proceedings.

58. As a result of defendants' creation and use of false, fabricated evidence, plaintiff

JOHNNIE O'NEAL suffered a violation of his constitutional rights to a fair trial, as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59. As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individually named defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants JOHN and JANE DOE 7 through 10, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

62. As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against defendants JOHN and JANE DOE 7 through 10 in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 for the Actions of the NYCHAPD)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants and the NYCHAPD, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or

rule of the CITY OF NEW YORK, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the NYCHAPD included, but were not limited to, fabricating evidence and forwarding the fabricated evidence to prosecutors, falsely testifying for the purpose of obtaining criminal convictions, and withholding exculpatory evidence from individuals accused of crimes. In addition, the CITY engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JOHNNIE O'NEAL rights as described herein. As a result of the failure of the CITY to properly recruit, screen, train, discipline, and supervise its officers, including defendant JOSE MORALES, the CITY has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYCHAPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHNNIE O'NEAL.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYCHAPD were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHNNIE O'NEAL as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYCHAPD were the moving force behind the constitutional violations suffered by plaintiff JOHNNIE O'NEAL as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYCHAPD, plaintiff JOHNNIE O'NEAL was unlawfully arrested, deprived of his right to a fair trial, maliciously prosecuted, and wrongfully imprisoned.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHNNIE O'NEAL'S constitutional rights.

71. The foregoing acts by defendants deprived plaintiff JOHNNIE O'NEAL of federally protected rights, including, but not limited to, the right:

    A. To be free from malicious prosecution; and

    B. To be free from deprivation of the right to a fair trial.

72. As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 for the Actions of the NYCDA)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants and the NYCDA, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the CITY OF NEW YORK, which is forbidden by the Constitution of the United States.

75. The aforementioned customs, policies, usages, practices, procedures and rules of the NYCDA included, but were not limited to, withholding exculpatory evidence from individuals accused of crimes. In addition, the CITY and the NYCDA engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JOHNNIE O'NEAL rights as described herein. As a result of the failure of the CITY and the NYCDA to properly recruit, screen, train, discipline, and supervise its agents, officers, and employees including the assistant

district attorneys involved in the arrest and prosecution of plaintiff, the CITY has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYCDA constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHNNIE O'NEAL.

77. The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYCDA were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHNNIE O'NEAL as alleged herein.

78. The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYCDA were the moving force behind the constitutional violations suffered by plaintiff JOHNNIE O'NEAL as alleged herein.

79. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY and the NYCDA plaintiff JOHNNIE O'NEAL was unlawfully arrested, deprived of his right to a fair trial, maliciously prosecuted, and wrongfully imprisoned.

80. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHNNIE O'NEAL'S constitutional rights.

81. The foregoing acts by defendants deprived plaintiff JOHNNIE O'NEAL of federally protected rights, including, but not limited to, the right:

    A.    To be free from malicious prosecution; and

    B.    To be free from deprivation of the right to a fair trial.

82. As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. A special proceeding is presently pending in the Supreme Court of the State of New York, New York County, under Index No. 148803/2014, requesting *inter alia,* leave to file a Notice of Claim upon the CITY OF NEW YORK, setting forth all facts and information required under New York General Municipal Law § 50-e(5).

85. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86. This action falls within one or more of the exceptions as outlined in New York Civil Practice Law and Rules § 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants initiated, commenced and continued a malicious prosecution against plaintiff JOHNNIE O'NEAL.

89. Defendants caused plaintiff JOHNNIE O'NEAL to be prosecuted without probable cause until the charges were dismissed on or about June 21, 2013.

90. As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

91.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of its agents, servants, and/or employees who conducted and participated in the arrest and prosecution of plaintiff JOHNNIE O'NEAL.

93.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of its employees to engage in the wrongful conduct heretofore alleged in this Complaint.

94.    By virtue of the foregoing the CITY OF NEW YORK is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately screen, hire, and retain its agents, servants, and/or employees employed by the NYCHAPD and the NYCDA.

95.    As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individually named defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

96.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    Upon information and belief the defendant CITY OF NEW YORK failed to use

reasonable care in the training and supervision of its agents, servants, and/or employees who conducted and participated in the arrest and prosecution of plaintiff JOHNNIE O'NEAL.

98. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of its employees to engage in the wrongful conduct heretofore alleged in this Complaint.

99. By virtue of the foregoing the CITY OF NEW YORK is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately train and supervise its agents, servants, and/or employees employed by the NYCHAPD and the NYCDA.

100. As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individually named defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

101. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

103. As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individually named defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

104.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

106.   As a result of the foregoing, plaintiff JOHNNIE O'NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individually named defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOHNNIE O'NEAL demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper

Dated: Brooklyn, New York
September 19, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff JOHNNIE O'NEAL
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
JASON LEVENTHAL (JL1067)
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOHNNIE O'NEAL,

                                                    Plaintiff,

      -against-                                                                 Docket No.:

CITY OF NEW YORK and JOSE MORALES, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                                    Defendants.

------------------------------------------------------------------------X


## COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100